UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

Case No.

|  |  |
|---|---|
| DARRELL NESSA, CHADWICK MONFISTON, EDYSON LAMBERT and other similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| RIVERHOUSE RESTAURANT ON THE WATER, LLC d/b/a JONNY NOBONES AT THE OLD RIVERHOUSE VEGAN VILLAGE, JONNY NOBONES, and JAMES CAMPBELL. | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

_____

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

The Plaintiff, DARRELL NESSA ("Nessa"), CHADWICK MONFISTON ("Monfiston"),

and EDYSON LAMBERT ("Edyson") ("collectively Plaintiffs"), and other similarly situated

individuals, sue the Defendants, RIVERHOUSE RESTAURANT ON THE WATER, LLC d/b/a

JONNY NOBONES AT THE OLD RIVERHOUSE VEGAN VILLAGE ("RIVERHOUSE" or

"the Corporate Defendant"), JONNY NOBONES ("NOBONES" or "the Individual Defendant"),

and JAMES CAMPBELL ("CAMPBELL" or "the Individual Defendant") (collectively

"Defendants"), and allege:

1.      This is an action to recover money damages for minimum wage, unpaid overtime

wages and retaliation under the laws of the United States and Florida. This Court has jurisdiction

Case No.

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.      Plaintiff Nessa is a resident of Broward County, Florida, within the jurisdiction of this Court, and is otherwise sui juris.  Plaintiff is a covered employee for purposes of the Act.

3.      Plaintiff Monfiston is a resident of Miami-Dade County, Florida, within the jurisdiction of this Court, and is otherwise sui juris.  Plaintiff is a covered employee for purposes of the Act.

4.      Plaintiff Edyson is a resident of Broward County, Florida within the jurisdiction of this Court, and is otherwise sui juris.

5.      RIVERHOUSE is a Florida corporation duly organized and upon information and belief, existing under the laws of the State of Florida.

6.      RIVERHOUSE conducts engages in and/or carry on business/business venture within the State of Florida and at all times material hereto were and is engaged in interstate commerce.

7.      RIVERHOUSE also leases tangible property and/or through brokers owns and leases real estate within the State of Florida.

8.      Individual defendant NOBONES is presently conducting business within the State of Florida and/or previously conducted business within the State of Florida during all relevant time periods and resides in Broward County.

9.      NOBONES is an Owner and/or Officer of the Corporate Defendant, conducts business in Broward County, Florida and has subjected himself to the laws and regulations of the State of Florida.

Case No.

10.     NOBONES is an employer of Plaintiffs within the meaning of Section 3(d) of the Act [29 U.S.C.§ 203(d)], in that he acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiffs.

11.     NOBONES had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiffs with their work schedule, and is jointly liable for Plaintiffs' damages.

12.     NOBONES is and was, at all times relevant, persons in control of the of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

13.     The individual defendant CAMPBELL is presently conducting business within the State of Florida and/or previously conducted business within the State of Florida during all relevant time periods and resides in Broward County.

14.     CAMPBELL is an Owner and/or Officer of the Corporate Defendant, conducts business in Broward County, Florida and has subjected himself to the laws and regulations of the State of Florida.

15.     CAMPBELL is an employer of Plaintiffs within the meaning of Section 3(d) of the Act [29 U.S.C.§ 203(d)], in that he acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiffs.

16.     CAMPBELL had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiffs with their work schedule, and is jointly liable for Plaintiffs' damages.

Case No.

17.     CAMPBELL is and was, at all times relevant, persons in control of the of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

18.     Defendants willfully and intentionally caused Plaintiffs not to receive regular compensation and overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiffs the below wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

19.     The acts or omissions giving rise to this Complaint occurred in whole or in part in Broward County, Florida.

20.     All conditions precedent to bringing this action have occurred, been performed or been excused.

21.     Plaintiffs have retained the undersigned counsel in order that their rights and interests may be protected. The Plaintiffs have become obligated to pay the undersigned a reasonable attorneys' fee.

## GENERAL ALLEGATIONS

22.     Defendants owned and operated the restaurant RIVERSHOUSE in Fort Lauderdale, Florida.

23.     At all times material, RIVERHOUSE is under the administration and common control of the NOBONES and CAMPBELL.

24.     During their employment Plaintiffs were non-exempt employees and worked under the supervision and control of NOBONES and CAMPBELL.

25.     Because the work performed by Plaintiffs simultaneously benefited Defendants and directly or indirectly furthered their joint interest of RIVERHOUSE, NOBONES and CAMPBELL

4

Case No.

is the joint employer of Plaintiffs under the Act's broad definition of "employer," (29. U.S.C. §203(d)).

26.     Defendants employed Plaintiff Nessa and agreed to pay him a rate of $13/hour.

27.     Defendants employed Plaintiff Monfiston and agreed to pay him a rate of $13/hour.

28.     Defendants employed Plaintiff Lambert and agreed to pay him a rate of $11/hour.

29.     Defendants continuously promised to pay Plaintiffs, however, they were never paid.

30.     Plaintiffs complained numerous times to Defendant about their payment and were told by NOBONES to stop bothering him.

31.     On or about November 23, 2020, Plaintiffs complained, through the undersigned, and demanded payment for their services.

32.     To date, the Plaintiffs have not been paid their wages.

### COUNT I: FEDERAL MINIMUM WAGE VIOLATION

33.     Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 32 above as if set out in full herein.

34.     29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2009, the Federal minimum wage was raised to $7.25/hr.

35.     Between October 11, 2020  through November 22, 2020, Plaintiffs worked an average of 40 hours or more a week for the Defendants.

36.     Plaintiffs were not paid any wages for said work in violation of the Act.

37.     Defendants are joint employers pursuant to 29 C.F.R §791.2 and, at all times pertinent to this Complaint, were engaged in interstate commerce. Defendants obtain and solicit

5

Case No.

funds from non-Florida sources, accept funds from non-Florida sources, use internet and telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce. Upon information and belief, the combined annual gross $500,000 per annum, and/or Plaintiffs by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

38.     By reason of the foregoing, Defendants are enterprises engaged in commerce and/or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Therefore, Defendants' businesses qualify for enterprise coverage.

39.     Plaintiffs were non-exempt employees who, through their daily activities regularly handled or worked on goods that were moved across state and international lines at any time in the course of business, therefore Defendants qualify for individual coverage.

40.     Defendants unlawfully failed to pay minimum wages to Plaintiffs.  Plaintiffs seek to recover their wages accumulated from October 11, 2020 to November 22, 2020 or approximately 7 weeks as follows:

      **A.     Darrell Nessa:**

- Calculation:  10/20/2- 11/15/20 = 140.5 hrs x $13/hr = **$1,824.00**

      **B.     Chadwick Monfiston:**

- Calculation: 10/11/20 – 10/31/20 = 78.95 x $13/hr = **$ 1,021.00**

      **C.     Edyson Lambert:**

- Calculation:

    10/12/20-10/25/20 = 80 hrs x $11/hr = **$880.00.**

    10/26/20 – 11/8/20 = 40 hrs x $11/hr = **$440.00**

    11/9/20 – 11/22/20 = 7.14 hrs x $11 = **$78.54**
    **Total**: **$1,398.54**

Case No.

41.     The records, if any, concerning the numbers of hours actually worked by Plaintiffs and the compensation actually paid to them should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs.

42.     Defendants violated the record keeping requirements of the Act, 29 CFR Part 516.

43.     Defendants violated the posting requirements of 29 U.S.C. § 516.4.

44.     NOBONES AND CAMPBELL are owners/officers/supervisors of the RIVERHOUSE and are employers of Plaintiffs within the meaning of Section 3(d) of the Act in that they acted directly in the interests of the RIVERHOUSE in relation to its employment of Plaintiffs.  NOBONES AND CAMPBELL had operational control of the business and are jointly and severally liable for Plaintiffs' damages.

45.     NOBONES AND CAMPBELL were and are, at all times relevant, persons in control of the RIVERHOUSE's financial affairs and can cause RIVERHOUSE to compensate (or not to compensate) its employees in accordance with the Act.

46.     Defendants willfully and intentionally refused to pay Plaintiffs minimum wages and knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Act and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants as set forth above, and Plaintiffs are entitled to recover double damages. Defendants never posted any notice, as required by the Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

47.     Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

Case No.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, respectfully request that this Honorable Court:

A.    Enter judgment for Plaintiffs and against the Defendants on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201et seq. and other Federal Regulations;

B.    Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages with interest;

C.    Award Plaintiffs an equal amount in double damages/liquidated damages;

D.    Award Plaintiffs reasonable attorneys' fees and costs of suit; and,

E.    Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

### COUNT II: FAILURE TO PROMPTLY PAY PLAINTIFFS

48.    Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 32 above as if set out in full herein.

49.    Plaintiffs were employed with Defendants from approximately October 11, 2020 through November 22, 2020.

50.    Defendants agreed to pay Plaintiff Nessa at a rate of $13/hour;  Plaintiff Monfiston at a rate of $13/hour; and, Plaintiff Lambert at a rate of $11/hour.

51.    Defendants violated the Act's prompt payment requirements, 29 U.S.C. §206, by failing to pay Plaintiffs on a regular and customary payday(s).

52.    Defendants knew and/or showed reckless disregard for the provisions of the Act and its regulations concerning prompt, regular payment of wages.

53.    Plaintiffs are entitled to recover liquidated damages in an amount equal to their

Case No.

actual damages, for the Defendants' Acts violations.

54.    Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A.    Judgment in their favor and against Defendants for all unpaid wages due or payable;

B.    Award Plaintiffs an equal amount in double damages/liquidated damages;

C.    Prejudgment and post-judgment interest;

D.    Award Plaintiffs reasonable attorneys' fees and costs of suit; and,

E.    Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

## COUNT III: WAGE AND HOUR FEDERAL OVERTIME (FLSA)

55.    Plaintiff Lambert re-adopts each and every factual allegation as stated in paragraphs 1 through 32 above as if set out in full herein.

56.    This action is brought by Plaintiff Lambert to recover from Defendants overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

57.    Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29

Case No.

U.S.C. § 216(b).  Defendants are and, at all times pertinent to this complaint, were engaged in interstate commerce.  At all times pertinent to this complaint, Defendants operated as joint employers which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and Defendants obtain and solicit funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of Defendants were at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiffs, and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

58.     By reason of the foregoing, Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff Lambert, and those similarly-situated, were engaged in interstate commerce for Defendants.  Defendants' business activities involve those to which the FLSA applies.  Defendants operate a rental community and, through its business activity, affects interstate commerce.  Plaintiffs' work for Defendants likewise affects interstate commerce.

59.     While employed by Defendants, Plaintiff Lambert routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which he was employed.

60.     Plaintiff Lambert was not compensated for any work done and specifically was not compensated for any overtime work performed in excess of 40 per week.

10

Case No.

61.     Plaintiff Lambert seek unpaid overtime wages from 3 years from the filing of their initial Complaint.

62.     Prior to the completion of discovery and to the best of Plaintiff Lambert's knowledge, at the time of the filing of this complaint, Plaintiff Lambert's good faith estimate of unpaid wages are as follows:

- 10/12/20-10/25/20 = 28.15 overtime hours x $16.50 (overtime rate) = $464.48
- 10/26/20 – 11/8/20 = $10.70 overtime hours x $16.50 (overtime rate) = $176.55
  - **Total**: $641.03
  - **Liquidated Damages:** $641.03

63.     At all times material hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff Lambert performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by Defendants to properly pay him at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in said FLSA.

64.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff Lambert, these overtime wages since the commencement of Plaintiff Lambert's employment and Plaintiff  Lambert is entitled to recover double damages.  Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime payments.

65.     Defendants willfully and intentionally refused to pay Plaintiff Lambert overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff

Case No.

Lambert these overtime wages since the commencement of Plaintiff Lambert's employment with Defendants as set forth above.

66.     Defendants willfully and intentionally failed to keep records of all hours worked by Plaintiff Lambert and of all payments made to Plaintiff Lambert pursuant to the Act and the Code of Federal Regulations.

67.     Plaintiff Lambert has retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lambert, respectfully request that this Honorable Court:

A.     Enter judgment for Plaintiff and against Defendants on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty per week, with interest; and

C.     Award Plaintiff an equal amount in double damages/liquidated damages; and

D.     Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

Dated: December 22, 2020.

Case No.

Respectfully submitted,

By: _s/ Ria N. Chattergoon_
Ria N. Chattergoon, Esquire
Fla. Bar No.: 015099
Email: ria@therclawgroup.com
RC Law Group
3900 Hollywood Blvd., Suite 301
Hollywood, FL 33021
Telephone: (954) 400-1620
Facsimile: (954) 400-1676

13